**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Clayton Reed,<br><br>                Plaintiff,<br>v.<br><br>Absolute Credit LLC; and DOES 1-10, inclusive,<br><br>                Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Clayton Reed, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. Plaintiff, Clayton Reed (hereafter "Plaintiff"), is an adult individual residing in Lawrence, MA, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Absolute Credit LLC, (hereafter "Defendant"), is a business entity with an address of 175 Exchange St # 23, Bangor, ME 04401-6537, operating as a collection

agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.  Does 1-10 (the "Collectors") are individual collectors employed by the Defendant and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  Defendant at all times acted by and through one or more of the Collectors.

## FACTUAL ALLEGATIONS

8.  Plaintiff incurred a financial obligation through the use of a credit card that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.  The Plaintiff disputed the debt with the original creditor.

10. Thereafter, the debt was allegedly purchased, assigned or transferred to Defendants for collection from Plaintiff.

11. The Defendants then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

12. The Defendants began harassing the Plaintiff with constant calls, calling more than five times per day.

13. The Plaintiff disputed the debt with the Defendants, requesting the Defendants show him the contract he signed with the original creditor.

14. Every time the Defendants sent mail to the Plaintiff, the Plaintiff returned it to Defendants along with a notice that he disputes the debt.

15. Plaintiff does not remember receiving a validation notice from Defendants. When Plaintiff requested validation of the alleged debt, Defendants refused to validate the debt.

16. Defendants continued to harass the Plaintiff with phone calls despite their refusal to validate the debt.

17. Defendants call the Plaintiff, hang up on him when he answers, and immediately call him several times in a row.

18. Defendants leave voice messages for the Plaintiff in which they disclose that they are calling to collect a debt. These voicemail messages can be heard by third parties.

19. Plaintiff has asked the Defendants to stop calling him. However, when Plaintiff ends the phone calls in which he makes this request, the Defendants call back again.

20. Defendants are rude and condescending on the phone with the Plaintiff. When the Plaintiff told the Defendant that they were harassing him, the Collector said they were not harassing him and would call him until he paid the debt

21. The Defendant further uses deceptive means to get the Plaintiff to answer the phone. The Collectors refuse to disclose the name of the debt collection agency and call from private or restricted numbers.

22. The Plaintiff has become extremely scared to answer his own phone.

23. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

26. The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

27. The Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

28. The Defendants used abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

29. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

30. The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

31. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

32. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

33. The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

34. The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

35. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

36. The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

37. The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

38. The Defendants continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

39. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

40. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, *et seq.*

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The Defendants employed unfair or deceptive acts to collect the debt, in violation of M.G.L. c. 93A § 2.

43. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 11 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

44.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

46.     Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Massachusetts state law.

47.     Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with numerous persistent telephone calls several times per day.

48.     The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

49.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

50.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

51.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**
**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 21. 2009

Respectfully submitted,

By _____
Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.

       1100 Summer Street, 3rd Floor
       Stamford, CT 06905
       Telephone: (203) 653-2250
       Facsimile:  (877) 795-3666
       Attorneys for Plaintiffs